# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## <u>ORDER SETTING DISCOVERY PROCEDURES</u>

THIS CAUSE is before the Court following the referral of this action for all discovery matters.  In order to facilitate the speedy and inexpensive resolution of this action, Fed. R. Civ. P. 1, it is hereby

**ORDERED AND ADJUDGED** that the following discovery procedures will apply in this case as of the date of this Order:

1.    The Court strictly enforces the guidelines on discovery objections set forth below, together with the provisions of the Federal Rules of Civil Procedure addressing discovery matters, Rules 26-37, and S.D. Fla. Local Rule 26.1:

### **"Vague, Overly Broad and Unduly Burdensome"**

a.    Parties shall not make conclusory boilerplate objections.  Such objections do not comply with Local Rule 26.1(G)(3)(a) which provides "Where an objection is made to any interrogatory or sub-part thereof or to any document request under Fed.R.Civ.P. 34, the objection shall state with specificity all grounds."  Blanket, unsupported objections that a discovery request is "vague, overly broad, or unduly burdensome" are, by themselves, meaningless, and disregarded by the Court.  A party objecting on these bases must explain the specific and particular ways in which a request is vague, overly broad, or unduly burdensome.  *See* Fed. R. Civ. P. 33(b)(4); *Josephs v. Harris Corp*, 677 F.2d 985, 992 (3d Cir. 1982) ("the mere statement by a party that the interrogatory was 'overly broad, burdensome, oppressive and

irrelevant' is not adequate to voice a successful objection to an interrogatory."). Sworn testimony or evidence may be necessary to show that a particular request is in fact burdensome.

**"Irrelevant Or Not Reasonably Calculated to Lead to Admissible Evidence"**

b.     As with the previous objection, an objection that a discovery request is irrelevant or not reasonably calculated to lead to admissible evidence must include a specific explanation describing why the request lacks relevance, and why the information sought will not reasonably lead to admissible evidence.   Parties are reminded that the Federal Rules allow for broad discovery, which does not need to be admissible at trial.   *See* Fed. R. Civ. P. 26(b)(1); *see Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351-52 (1978).

**Specificity and Scope of Objections**

c.     Parties should avoid reciting a formulaic objection (or worse "General objections") followed by an answer to the request.   It has become common practice for a party to object on the basis of any of the above reasons, and then state that "notwithstanding the above," the party will respond to the discovery request, subject to or without waiving such objection.   Such a boilerplate objection and answer preserves nothing, and constitutes only a waste of effort and the resources of both the parties and the court.   Further, such practice leaves the requesting party uncertain as to whether the question has actually been fully answered, or only a portion of it has been answered.   Civil Discovery Standards, 2004 A.B.A. Sec. Lit. 18.   ***Counsel shall include in the answer a clear statement that all responsive documents/information identified have in fact been produced/provided, or***

*otherwise describe the category of documents/ information that have been withheld on the basis of the objection.*

### Objections Based upon Privilege

d.     Generalized objections asserting attorney-client privilege or work product doctrine also do not comply with local rules.  Local Rule 26.1(e)(2)(B) requires that objections based upon privilege identify the specific nature of the privilege being asserted, as well as identifying such things as the nature and subject matter of the communication at issue, the sender and receiver of the communication and their relationship to each other, among others.  Parties are instructed to review this Local Rule carefully, and refrain from objections in the form of: "Objection.  This information is protected by attorney/client and/or work product privilege."

### Objections to Scope of 30(b)(6) Notices for Depositions

e.     Corporations are not entitled to review of anticipatory relevance objections prior to the taking of a corporate representative deposition.  Objections to the scope of a deposition notice shall be timely served (not filed) in advance of the deposition.  *See King v. Pratt & Whitney,* 161 F.R.D. 475 (S.D. Fla. 1995); *New World Network Ltd. v. M/V Norwegian Sea,* 2007 WL 1068124, at *2-3  (S.D. Fla. 2007).

### Sequencing and Timing of Discovery

f.     The parties are reminded to comply with Rule 26(d)(3) that grants all parties the right to sequence their own discovery, which means that one party's discovery does not require any other party to delay its discovery.  The Court regularly enforces this Rule.  Relatedly, the parties ***shall not*** wait until the end of the discovery period to begin taking any depositions.  The failure to complete depositions before the

cutoff when that occurs is ***not*** grounds for good cause to extend the discovery period. To that end, the Court will strictly enforce Rule 26(a)(1) that sets forth the "Required Disclosures" that shall be made at the inception of the discovery period. If a party receives inadequate or untimely disclosures that matter shall be promptly raised with the Court, after conferral and if agreement is not timely reached on resolution. This Rule contemplates that the most relevant documents from each party shall be disclosed ***and produced*** at an early stage of the case, at which point relevant depositions should be scheduled. The Court will compel supplemental depositions in the event that Rule 26(a)(1) was not properly followed.

### Burden to Sustain Objections

g.    In the event of an unresolved discovery dispute, to show that the requested discovery is objectionable the burden is on the objecting party to demonstrate with specificity how the objected-to request is unreasonable. *Rossbach v. Rundle,* 128 F. Supp. 2d 1348, 1354 (S.D. Fla. 2000); *Dunkin' Donuts, Inc. v. Mary's Donuts, Inc.,* 2001 WL 34079319 (S.D. Fla. 2001); *Milinazzo v. State Farm Ins. Co.,* 247 F.R.D. 691, 695 (S.D. Fla. 2007). Failure to satisfy this burden will result in entry of an order compelling discovery under Rule 37. Failure to show that the objecting party's position was substantially justified may result in entry of monetary sanctions under that Rule. If the burden to sustain an objection is satisfied, the requesting party will have to show with specificity how the information is relevant and necessary, and proportional to the particular needs of the case. *Henderson v. Holiday CVS, L.L.C.,* 269 F.R.D. 682, 686 (S.D. Fla. 2010); *Lombardi v. NCL (Bahamas) Ltd.,* 2015 WL 12085849, at *1 (S.D. Fla. 2015) (citing 2015 Amdt. Rule 26(b)).

2.     If a bona fide discovery dispute arises notwithstanding these guidelines, the parties must first confer in a good faith effort to resolve the dispute in compliance with S.D. Fla. L.R. 7.1(a)(3).  Counsel must under this Local Rule certify that good faith efforts were made.  An adequate certificate of conference almost always requires at least one, if not more, personal communications between counsel.  ***Note, especially, that un-responded to emails are not enough to satisfy counsel's obligations under this Rule.***  The Court will deem an issue waived if counsel fails to abide by this obligation or fails to certify compliance with the Rule.

***Discovery disputes must be raised timely as required by S.D. Fla. L.R. 26.1(g)(2).***  The Court strictly enforces this Rule, and interprets the twenty-eight-day window as the opportunity during which good faith resolution efforts must be made (subject to the seven-day agreed extension permitted by the rule).  See also Local Rule 26.1(g)(2)(D).  Unapproved extensions agreed to by the parties shall not be recognized.  The Court also enforces Rule 26.1(d) that requires that all discovery, including resolution of discovery disputes, be fully completed prior to the expiration of the discovery cutoff.  The parties are generally free to engage in agreed-upon discovery after the cutoff date; but under Rule 26.1(d) no Court intervention or remedy will be available to either party after the cutoff date.

3.      ***Except as provided below, discovery disputes shall not be raised by filing substantive discovery motions under Rule 37.  The briefing provision in Amended Rule 26.1(g)(3) shall thus not apply for purposes of this action.***

a.      Any substantive discovery motion filed on the docket shall be Stricken.[1] In lieu of traditional motion practice, <span style="color:red">**a regular discovery calendar shall be held every Thursday, from 10:00 a.m. to 3:00 p.m.**</span>, at the James Lawrence King Federal Justice Building, 99 NE 4th Street, Tenth Floor, Courtroom 5, Miami, Florida 33132.

b.      The party seeking to enforce a discovery obligation or obtain protection from such an obligation shall utilize the discovery calendar process.  After conferring with the opposing party to confirm available dates, the moving party shall contact the undersigned's Chambers at (305) 523-5750 to place the matter on the next available discovery calendar.  The movant must contact Chambers no later than noon on the Friday preceding the discovery calendar to schedule a time on that week's calendar. Ordinarily, no more than thirty (30) minutes of argument per side is permitted.

c.      On the same day that the Court confirms an available time on the discovery calendar, the movant will file a Motion for Hearing reflecting the confirmed date and time.  This motion shall also set forth the category of the discovery matters to be heard and the status of the parties' pre-filing efforts as to that issue/request.

---

[1] This restriction does not apply to motions to stay discovery altogether (which are often premised on pending dispositive motions that are believed to moot the necessity of any and all forms of discovery).  Such motions for a blanket stay are not deemed "discovery motions" for purposes of this Standing Order and may be filed on the docket for the District Judge's consideration.

The Motion for Hearing shall include a certificate of conferral that fully complies with Local Rule 7.1(a)(3).   Failure to do so may result in denial of the motion and cancellation of the hearing unless timely cured.

d.      Apart from filing the motion for hearing, the moving party(ies) shall provide the undersigned a copy of all source materials relevant to the discovery dispute, via hand-delivery or through a scanned PDF document that is emailed to the CM/ECF mailbox (torres@flsd.uscourts.gov), no later than noon on the ***Monday*** preceding the noticed hearing.  (For example, if the dispute concerns interrogatories, the interrogatories at issue and the response thereto, shall be provided to the undersigned's Chambers.)   A proposed Order on the issues raised shall also be submitted together with the source materials, which shall set forth the specific relief requested for each request/category of request.  ***Failure to comply with all three elements of this procedure may be grounds to cancel the hearing.  If the parties are able to resolve/narrow the pending disputes before the scheduled hearing, they should promptly advise the Court.***

e.      With respect to issues involving privilege disputes, the party with the burden of persuasion on a privilege claim has the obligation to present to the Court, no later than the time of the hearing, sworn evidence if necessary to satisfy that burden.  The failure to present that sworn evidence by the scheduled hearing may be deemed by the Court a ***waiver*** of the privilege absent a showing of good cause.  The sworn evidence should be included with the materials emailed to counsel, as well as filed on the docket as a notice of filing.

f.      Following the hearing, a "motion for entry" of an amended proposed order (that reflects the Court's rulings during the hearing) will be filed on the docket no later than two business days thereafter.

4.      **Exceptions for written objections to the timing of depositions.**  If a motion for protective order is required for a particular dispute under Rule 26(c), Rule 30(d)(3), or Local Rule 26.1(h), a notice of objection must be served (not filed) on the opposing party no later than five days after receipt of the deposition notice at issue. Such a notice may not be submitted on the eve of the event.  The failure to timely preserve an objection as per this Order may be deemed a waiver.  But if a good faith deposition scheduling dispute arises prior to a deposition, the service of the written notice of objections, followed by a good faith conference to resolve the dispute, will be sufficient to preserve the issues involved without fear of waiver prior to the Court resolving the dispute at a discovery conference.  If the parties do not thereafter reach agreement to resolve the dispute, the objecting party shall schedule the matter at the next available discovery calendar.   Rule 37, however, continues to apply to such objections; thus if the Court finds that the objections were not substantially justified the failure to comply with a timely served Rule 30 deposition notice may be sanctioned appropriately.   Consistent with paragraph 1.e above, any objections to the scope of a Rule 30(b)(6) deposition notice shall only be adjudicated *after* the taking of the deposition so that a sufficient record exists with which to analyze the dispute.

5.      To reiterate, the Court expects all parties to engage in reasonable compromise to facilitate the resolution of their discovery disputes. The Federal Rules contemplate that discovery in most cases should be conducted without court intervention.  The

Court may impose sanctions, monetary or otherwise, if the Court determines discovery is being improperly sought or is being withheld in bad faith or without substantial justification. *See* Fed. R. Civ. P. 37.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 16th day of APRIL, 2024.

*/s/ Edwin G. Torres*

**EDWIN G. TORRES**
**Chief United States Magistrate Judge**